IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02669-PAB-KMT

EDWARD HIMES,

    Plaintiff,

v.

DESTINE FOREE, H.S.A., 4-Mile Correctional Facility, 2013-2016,
SUSAN M. TIONA, M.D., 4-Mile Correctional Facility, 12-14-2015,
GISELA H. WALKER, P.A., 4-Mile Correctional Facility, 12-14-2015,
DR. NELSON, Territorial Correctional Facility, April 2016,
ROBERT MANGUSO, M.D., Arkansas Valley Correctional Facility, August 2016,
TED LAURENCE, P.A., Arkansas Valley Correctional Facility, August 2016,
TEJINDER SINGH, P.A., Arkansas Valley Correctional Facility, August 2016, and
RICK RAEMISCH, Director Colorado Dept. of Corrections (CDOC), 2002-2016,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 26]. Magistrate Judge Kathleen M. Tafoya recommends granting in part and denying in part defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and (6) [Docket No. 20]. Docket No. 26 at 12-13. The magistrate judge entered her Recommendation on February 2, 2018 and advised the parties that they must file any objections to the Recommendation within fourteen days of service to preserve such objections for review. Docket No. 26 at 13-14. On February 26, 2016 plaintiff Edward Himes filed his Objections to the Magistrates [sic] Report & Recommendation [Docket No. 32]. In light of plaintiff's pro

se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

When a magistrate judge issues a recommendation on dispositive matters, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "[A] party's objections . . . must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Plaintiff does not argue that his objections are timely. Facially, the objections are untimely because plaintiff filed them twenty-four days after the Recommendation issued. Plaintiff states that he received the Recommendation on February 5, 2018, Docket No. 32 at 1, but he does not attach a declaration that complies with the prison mailbox rule and the envelope's markings indicate that plaintiff's objections were

2

received for mailing on February 20, 2018. *See* Docket No. 32 at 3-4; *Price v. Philpot*, 420 F.3d 1158, 1164-65 (10th Cir. 2005). Therefore, the Court finds that plaintiff's objections are untimely and he is not entitled to review under the less deferential standard provided in Rule 72(b)(3).

In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. The Court finds no clear error with respect to the magistrate judge's Recommendation. The Court will therefore overrule plaintiff's objections.[2] There is, however, a need to clarify the proper impact of the Recommendation's analysis in light of plaintiff's clarification regarding the scope of his official capacity claim. The magistrate judge recommends that plaintiff's official capacity claim against defendant Rick Raemisch should be dismissed pursuant to the Eleventh Amendment for lack of subject matter jurisdiction insofar as plaintiff seeks money damages. Docket No. 26 at 7. Although the complaint is unclear on the basis of plaintiff's demand for money

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

[2] Even if plaintiff's objections were timely, the Court would overrule them. The magistrate judge determined that plaintiff failed to allege "any facts to suggest that Defendant Raemisch knew of and acquiesced in any constitutional violation by any of the other defendants." Docket No. 26 at 8 (emphasis removed); *see also Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (holding that a plaintiff must establish that he "acted with the state of mind required to establish the alleged constitutional deprivation"). Plaintiff does not point to any allegations in his complaint, and there are none, from which the Court could infer that Mr. Raemisch had knowledge of constitutional violations. *See, e.g.*, Docket No. 6 at 11 (alleging that "Defendant Raemisch, by and through his subordinate employees, promulgates regulations and policies for the daily running of the CDOC").

3

damages, plaintiff clarified in his response to the motion to dismiss, and he restates in his objection, that he does not bring an official capacity claim for monetary damages. Docket No. 22 at 1; Docket No. 32 at 1. The Court agrees with plaintiff that there is no such claim to dismiss. The magistrate judge also determined, however, that "all claims against Defendant Raemisch should be dismissed for failure to state a claim upon which relief can be granted," Docket No. 26 at 8, but did not formally recommend dismissal of plaintiff's official capacity claim insofar as it seeks injunctive relief. *Id*. at 12-13. Because the Court agrees that plaintiff failed to state any claim against Mr. Raemisch, the Court will dismiss all claims against Mr. Raemisch. Apart from these differences, the Court accepts the magistrate judge's recommendations. The magistrate judge did not specify whether dismissal should be with or without prejudice. The Court will dismiss plaintiff's claims without prejudice. *See Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1342 (10th Cir. 2000); *Ellis v. Oliver,* 2017 WL 4857427, at *3 (10th Cir. Oct. 26, 2017) (unpublished) (remanding for dismissal without prejudice based on qualified immunity).

For the foregoing reasons, it is

**ORDERED** that plaintiff's Objections to the Magistrates [sic] Report & Recommendation [Docket No. 32] are **OVERRULED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 26] is **ACCEPTED** in part and **REJECTED** in part. It is further

**ORDERED** that defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and (6) [Docket No. 20] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that all claims against defendant Rick Raemisch are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). It is further

**ORDERED** that plaintiff's due process and equal protection rights claims asserted against all defendants are dismissed without prejudice based on defendants' qualified immunity.

DATED March 1, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge